[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David Zevin, a candidate in a primary election to determine non partisan candidates for the Hartford Board of Education brings this action pursuant to General Statutes Section 9-329a in order to challenge the outcome of that election in which he received twenty eight votes fewer than one of the eight declared winners. The defendants and the intervening defendants, three of the declared winners, filed motions to dismiss on the ground that the Court lacks jurisdiction over the subject matter because Section 9-329a does not apply to the Board of Education primary held on October 17, 1995.
This action was commenced on October 27, 1995, the Court hearing was held on November 1, 1995 and the general election is scheduled for November 7, 1995. The Court heard arguments on the motions to dismiss and evidence and arguments on the merits.
Section 9-329a provides in pertinent part that ". . . any elector or candidate aggrieved by a ruling of an election CT Page 12612 official in connection with any primary as provided in section 9-423, 9-424, 9-425 or 9-464 who alleges that there has been a mistake in the count of the votes cast at such primary, or any candidate in such primary who alleges that he is aggrieved by a violation of any provision of Sections9-355, 9-357 to 9-361, inclusive, 9-364 or9-365 in the casting of absentee ballots at such primary may bring his complaint to any judge of the Superior Court for appropriate action."
The defendants and intervening defendants argue that the primary elections for the nomination for the Board of Education is not provided for in any of the Sections of Chapter 153 of the General Statutes referred to in Section9-329a.
It is conceded by all parties that the primary at issue is controlled by Chapter IV, Sec. 3 of the Charter of the City of Hartford, pursuant to a special act of the Connecticut legislature. It provides, in pertinent part: "Candidates for the Board of Education shall be nominated at a primary election to be held on the third Tuesday preceding the general municipal election." Further: "The names of the candidates at the primary election shall be arranged on the voting machines in alphabetical order after the title of the office to be filled and without any party designation of any kind."
The Board of Education primary is thus not included among the categories of primaries referred to in Section9-329a of the General Statutes, the authority upon which this case was brought, and therefore, the Court does not have jurisdiction pursuant to that Statute.
The defendant also moves to amend the complaint to include constitutional grounds. The right to amend the complaint within thirty days of the return date is applicable only when the amendment is offered prior to the presentation of evidence. McLaughlin Ford Inc. v. FordMotor Co., 192 Conn. 558, 564 (1984). "The trial court has wide discretion in granting or denying amendments before, during, or after trial." Id. Accordingly, the motion to dismiss is granted and the request to amend is denied. CT Page 12613
Because of the need for an immediate decision, the Court heard evidence on the merits so that it could make a ruling in the event it decided to deny the motion to dismiss. The plaintiff has failed to sustain his burden of proof on the merits. To prevail under Section 9-329a of the General Statutes the Court may "order a new primary if he finds that but for the error in the ruling of the election official, any mistake in the count of the votes or any violation of said sections, the result of such primary might have been different and he is unable to determine the result of such primary." "The usual civil standard of preponderance of the evidence is the appropriate burden of persuasion applicable to this case." In Re Election forSecond Congressional District, 231 Conn. 602, 629 N. 25 (1995).
The parties concede that voting machines malfunctioned during the primary and that some voters were allowed to vote for three candidates instead of the maximum of two which was permitted. Twenty three more votes were tallied than could have occurred if each voter voted only twice.
Of course, it cannot be known for which candidate these votes were cast. Twenty three more votes would not have made the plaintiff a winner. I do not find that the vote "might" have been different, as that term was defined inPenn v. Irizarry, 220 Conn. 682. Also, I can accordingly determine the result of the contested primary. "This Court acknowledges and concurs in the reluctance with which courts invalidate ballots, because such action effectively disenfranchises the voters involved" Penn, 220 Conn. at 687
N. 5 (1991) quoting Wrinn v. Dunnleavy, 186 Conn. 125, 141-42
(1982). "If there is to be disenfranchisement, it should be because the legislature has seen fit to require it, in the interest of an honest suffrage, and has expressed that requirement in unmistakable language." Wrinn,186 Conn. at 144-145. After an examination of the evidence and employing the standard noted above, I find that even if the motion to dismiss had been denied and the amendment allowed, the plaintiff would not have met his burden of proof under C.G.S. Sec. 9-329a and a new primary would not have been ordered.
John J. Langenbach, Judge CT Page 12614